UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CENTRAL BROWN COUNTY WATER AUTHORITY,

    Plaintiff,

v.                                                  Case No. 09-C-131

CONSOER, TOWNSEND, ENVIRODYNE,

    Defendant.

## ORDER REGARDING SCHEDULING

In the last month two motions have been filed pertaining to deadlines and briefing schedules. In the first, Plaintiff asks that the Defendant be required to answer its amended complaint even though it has filed a motion to dismiss. Normally, under Fed. R. Civ. P. 12(a)(4), a party need not answer a complaint until 14 days after a ruling on its motion to dismiss. Plaintiff argues, however, that because the motion is directed only at part of the complaint, an answer should be required as to the remainder.

It is true that the law may not be completely settled on this point, but the rule simply states that "serving a motion under this rule" is what extends the clock for filing an answer. Fed. R. Civ. P. 12(a)(4). Here, a motion was served under the rule (even though it did not seek dismissal of all claims), and for the scheduling reasons set forth below, I conclude that we need not look further than that because there is no need for an answer to be filed immediately. Accordingly, I will not require an answer until 14 days after a ruling on the motion to dismiss has been rendered.

The second motion, filed by the Defendant, seeks an extension of time for the filing of dispositive motions. One reason it cites is that one of the Plaintiff's experts will not be available for deposition until January 2012. Moreover, the current deadline is set for November 1, 2011 and one dispositive motion (the motion to dismiss) is already pending. A trial date in March 2012 would not leave much time for the consideration of summary judgment motions, which would not be fully briefed until the end of December. An additional factor is that this Court's attentions will be focused on a bench trial in the Fox River CERCLA action during February 2012. For all of these reasons, it appears that the current schedule would not be feasible.

Accordingly, the motion to require the Defendant to answer is **DENIED**. The motion to alter the scheduling order is **GRANTED**. Defendant's Answer is due fourteen days after the decision on the pending motion for partial dismissal is rendered, and the Court will set a new dispositive motion and trial date at that time as well.

**SO ORDERED** this __6th__ day of October, 2011.

                                              s/ William C. Griesbach
                                              William C. Griesbach
                                              United States District Judge